[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS DATED MAY 17, 2000
First, I agree with plaintiff's counsel's argument that the United States Supreme Court decision in Troxel v. Granville dated June 5, 2000 did not render § 46b-59 of the Connecticut General Statutes unconstitutional.
The plaintiffs are the maternal grandmother and aunt of Ashley Weston (date of birth (10/2/95) age 4, and Stan Weston (date of birth 11/25/97) age 2. On March 15, 2000, through counsel, the plaintiffs filed a form application seeking visitation with the minor children pursuant to §46b-59 of the Connecticut General Statutes. The children's mother, Brenda Weston, had died on December 3, 1999. The application did not allege the mother's death nor that there was pending a divorce, separation, neglect or termination of parental rights, custody or other such issues as contemplated in § 46b-56 and § 46b-57 of the Connecticut General Statutes.
The State Supreme Court in Castagno v. Wholean, 239 Conn. 336 (1996) requires the plaintiffs to plead with specificity the factual basis for the court to determine whether such threshold requirements have been met. "At this time we need not state precisely which circumstances will suffice to invoke the trial court's jurisdiction under § 46b-59. Although the death of a parent or the de facto separation of the parents may allow an action, there may be other times when an action is also warranted, such as when there has been a good faith allegation by a third party of abuse or neglect. A party seeking visitation rights must, however, in the pleadings, set forth with specificity the factual bases for the petition before the court can determine whether such threshold conditions have been met."
The application for visitation fails to allege that the children's mother had died on December 3, 1999, or alleges any other facts to meet the threshold requirements under Castagno v. Wholean, supra; therefore, the motion to dismiss is granted.
The plaintiffs may, however, file an amended visitation application in which the death of the mother or other facts are alleged in order that this court may determine whether the threshold requirements have been met.
Romeo G. Petroni, Judge Trial Referee CT Page 8384